**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MICHAEL JOHNSON,

                              Plaintiff,

    - v -                                               9:21-CV-335
                                                                        (TJM/DJS)

LEE and SMITH,

                              Defendants.

**APPEARANCES:**                              **OF COUNSEL:**

MICHAEL JOHNSON
Plaintiff, *Pro Se*
03-A-0667
Otisville Correctional Facility
Box 8
Otisville, New York 10963

HON. LETITIA JAMES                    LAUREN R. EVERSLEY, ESQ.
Attorney General of the State of New York   Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION AND ORDER

*Pro se* Plaintiff Michael Johnson brought this action, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his civil rights. Dkt. No. 1, Compl. Presently pending is Defendants' Motion to Dismiss the Complaint, pursuant to FED. R. CIV. P. 12. Dkt. No. 18. The Motion was filed on August 19, 2021. *Id.* Plaintiff filed a Response in

opposition to Defendants' Motion on November 3, 2021. Dkt. No. 22, Resp. Defendants then filed a Reply on November 16, 2021. Dkt. No. 23, Reply.

## I. LEGAL STANDARD FOR MOTION TO DISMISS

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6) "the court reads the facts alleged in the complaint, assumes the truth of those facts, and decides whether those facts state a claim under the applicable legal standard." *Espinoza ex rel. JPMorgan Chase & Co. v. Dimon*, 797 F.3d 229, 235 (2d Cir. 2015). In doing so, the court draws all inferences in favor of the plaintiff. *See Allaire Corp. v. Okumus*, 433 F.3d 248, 249-50 (2d Cir. 2006). Pleadings from *pro se* litigants specifically are to be afforded a liberal construction and a "special solicitude" to prevent the inadvertent forfeiture of rights due to a lack of legal training. *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 475. Therefore, "[w]hen considering motions to dismiss a *pro se* complaint such as this, 'courts must construe the complaint broadly, and interpret it to raise the strongest arguments that it suggests.'" *Weixel v. Bd. of Educ. of City of New York*, 287 F.3d 138, 145-46 (2d Cir. 2002) (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)) (internal alterations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## II. DISCUSSION

The Complaint alleges that Plaintiff's rights under the Eighth Amendment were violated by Defendants Smith and Lee during an incident that occurred while Plaintiff was being transported between prison facilities. Compl. at pp. 5-6. Specifically, Plaintiff alleges that Defendant Smith drove the prison transport van in a reckless manner, despite Defendant Smith's awareness of the lack of seatbelts, causing Plaintiff and other passengers to be physically harmed after being thrown from their seats. Compl. at pp. 5-7; Resp. at pp. 2-3. On a motion to dismiss, the Court is obligated to accept these facts alleged in the Complaint as true. *Olagues v. Perceptive Advisors LLC*, 902 F.3d 121, 123 (2d Cir. 2018).

Defendants now move to dismiss the Complaint, asserting that claims against both fail as a matter of law. Dkt. No. 18-1, Defs.' Mem of Law. Defendants also seek dismissal of the claim against Defendant Lee based upon the failure to allege Lee's personal involvement in the incident. *Id.* at pp. 6-7.

### A. Defendant Smith

As to Plaintiff's claim against Defendant Smith, the Court finds that Plaintiff has sufficiently alleged facts to state a claim at this early stage of litigation. In order to state an Eighth Amendment conditions-of-confinement claim, a plaintiff must satisfy both an objective and subjective test. *H'Shaka v. O'Gorman*, 444 F. Supp. 3d 355, 377 (N.D.N.Y.

3

2020) (citing *Rasheen v. Adner*, 356 F. Supp. 3d 222, 240 (N.D.N.Y. 2019). First, in order "to satisfy the objective test, a plaintiff 'must demonstrate that the conditions of his confinement result in unquestioned and serious deprivations of basic human needs' such that the conditions 'pose an unreasonable risk of serious damage to his health.'" *Id.* In order "to satisfy the subjective test, 'a plaintiff must demonstrate that the defendants imposed the conditions with deliberate indifference.'" *Id.* A showing of deliberate indifference requires "more than mere negligence." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). The prison official must be aware of, and disregard, an excessive risk to inmate health and safety. *Jabbar v. Fischer*, 683 F.3d at 57, citing *Farmer v. Brennan*, 511 U.S. at 837.

The Second Circuit has stated that the failure to provide a seatbelt in a prison transport vehicle, standing alone, does not constitute an excessive risk to inmate safety. *Jabbar v. Fischer*, 683 F.3d at 58. However, courts have recognized that in certain circumstances, the lack of seatbelts combined with both reckless driving by the prison official and other additional facts, may establish sufficient factual allegations to withstand a motion to dismiss. *Cuffee v. City of New York*, 2017 WL 1232737 at *7 (S.D.N.Y. March 3, 2017). Where the facts, taken as a whole, suggest that plaintiff was exposed to conditions that posed an unreasonable risk of serious harm, and defendants were aware of those conditions, a claim may be sufficiently stated. *Id.*

In *Cuffee*, a motion to dismiss was denied where the plaintiff plead that the defendant drove recklessly, at an excessive speed, with knowledge that the plaintiff was

4

not wearing a seatbelt and therefore could not brace himself from impact. *Id.* at *8. Similarly, in *Torres v. Amato*, the court held that "evidence of the defendant's refusal to secure the plaintiff's seatbelt, combined with the defendant's reckless driving [may be] sufficient for a jury to 'conclude that there was a substantial risk of harm to the plaintiff and that the defendant knew of and disregarded the substantial risk of harm.'" 22 F. Supp. 3d 166, 174 (N.D.N.Y. 2014).

Here, Plaintiff's claims are not grounded solely in the failure to provide seatbelts, although he does allege that the transport van did not have seatbelts available for the prisoners. Compl. at p. 7. In contrast to many of the cases relied upon by Defendants, Plaintiff also does not appear to allege merely negligent driving. Rather, he has alleged a combination of facts that, taken as a whole, seem to suggest both that he may have been exposed to conditions posing an unreasonable risk of harm to his personal safety, and that Defendants were in fact aware of the risk.

Plaintiff alleges that he was shackled and handcuffed in a manner that left him unable to brace himself or to protect himself from sudden movements inside the vehicle. Compl. at pp. 4-7; Resp. at pp. 2-3.[1] He alleges that Defendant Smith drove recklessly and in excess of the speed limit, while watching in the rearview mirror as Plaintiff and other passengers fell out of their seats. Resp. at pp. 2-3, 9 ("Defendant Smith was looking into the rear view mirror to see the damage that he done, then committed the same act

---

[1] The Court notes that much of the substance of the allegations referenced herein has come from Plaintiff's response, rather than from his Complaint. However, given the *pro se* status of the Plaintiff, it is appropriate for the Court to consider the factual allegations in his opposition materials as a supplement to the allegations in his Complaint in order to assess the overall viability of his claim. *Cuffee v. City of New York*, 2017 WL 1232737 at *4.

again while still looking into the rear view mirror."). These allegations plausibly suggest that Defendant Smith would have been aware of the risk to inmate health and safety that this driving behavior was creating.

More specifically, Plaintiff alleges that Defendant Smith sped up and slammed on the brakes twice, while looking in the rearview mirror. *Id.*; Compl. at pp. 5-6. The first time that Defendant Smith braked abruptly, Plaintiff hit his head "hard" on the seat in front of him. Compl. at p. 5. Defendant Smith then repeated this action a second time. *Id.* The second time, Plaintiff and other passengers fell over and out of the seats. *Id.* Plaintiff reports that he and the other inmates were complaining of injuries and requesting medical treatment. Compl. at p. 5. As a result, Plaintiff was injured, experiencing "excruciating pain to his lower back, head and neck." Resp. at p. 4. According to Plaintiff, one of his fellow passengers was injured to such an extent that blood was "splattered" all over the vehicle. Compl. at p. 8.

At this early stage of the proceedings, accepting Plaintiff's allegations as true and interpreting the facts to raise the strongest argument suggested, the Court finds that the Complaint has sufficiently alleged both the objective and subjective prongs of an Eighth Amendment claim. The Court does not opine on whether, following discovery, Plaintiff's claim might be subject to dismissal on summary judgment.

### B. Defendant Lee

Construed liberally, Plaintiff's Complaint alleges that Defendant Lee failed to intervene in the violation of his constitutional rights by Defendant Smith, despite being

able to do so.  A failure to intervene claim requires Plaintiff to prove that "(1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene." *Konovalchuk v. Cerminaro*, 2014 WL 272428 at *23 (N.D.N.Y. Jan. 24, 2014) (quoting *Jean-Laurent v. Wilkinson*, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008)).  Based upon the statements in Plaintiff's Complaint and Response, Defendant Lee sat in the passenger seat of the transport van directly beside Defendant Smith, and therefore would have been, at least arguably, in a position to both observe and intervene in any obvious violation of constitutional rights that occurred.  Furthermore, Plaintiff alleges that Defendant Lee was personally responsible for placing handcuffs, shackles, and a chain belt restraint on him.  Compl. at p. 4.  As a result, Defendant Lee would have been aware of Plaintiff's inability to brace himself from impact while inside the vehicle, due to the restraints and the lack of seatbelts.  Plaintiff also alleges that Defendant Lee observed Defendant's Smith's erratic driving behavior and failed to intervene to stop him.  Compl. at p. 6.  The Court finds that these allegations are sufficient at this stage of the litigation to plausibly allege Defendant Lee's personal involvement.

Accordingly, the Court recommends that the District Court deny the Motion to Dismiss as to both Defendants.

### III.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion to Dismiss (Dkt. No. 18) be **DENIED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS**[2] **WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: January 7, 2022
          Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).