**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

———————————————————————

**MICHAEL JOHNSON,**

                **Plaintiff,**

     **v.**                                  **9:21-CV-335**
                                                 **(TJM/DJS)**

**LEE and SMITH,**

                **Defendants.**

———————————————————————

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION and ORDER

### I. INTRODUCTION

This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred to the Hon.

Daniel J. Stewart, United States Magistrate Judge, for a Report and Recommendation

pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).  In his January 7, 2022

Report-Recommendation and Order (Dkt. No. 26) ("Rep. Rec."), Judge Stewart

recommends that Defendants' Motion to Dismiss (Dkt. No. 18) be denied.  Defendants

filed objections to Judge Stewart's recommendation. Dkt. No. 27.

### II. STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged,

the district court makes a "*de novo* determination of those portions of the report or

specified proposed findings or recommendations to which objection is made." 28 U.S.C. §

636(b)(1).  After reviewing the report and recommendation, the Court may "accept, reject,

or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

**III.    DISCUSSION**

The Complaint alleges that Plaintiff's rights under the Eighth Amendment were violated by Defendants Smith and Lee during an incident that occurred while Plaintiff was being transported between prison facilities. Compl. at pp. 5-6.  Specifically, Plaintiff alleges that Defendant Smith, despite being aware the transport van lacked seatbelts and that Plaintiff was shackled and handcuffed in a manner that left him unable to brace himself or to protect himself from sudden movements inside the vehicle, drove the transport van recklessly, in excess of the speed limit, and twice sped up and slammed on his brakes while watching in the rearview mirror as Plaintiff and other passengers fell out of their seats.  *See* Compl. at pp. 4-7; Pl. Resp. at pp. 2 -3, 8-9.  Judge Stewart found that this conduct satisfied both the objective and subjective prongs for an Eighth Amendment conditions-of-confinement claim.  *See* Rep. Rec. at 3-6.  Judge Stewart also found that Plaintiff's Complaint, construed liberally, plausibly alleges that Defendant Lee failed to intervene in Defendant Smith's violation of Plaintiff's constitutional rights despite being able to do so.  Rep. Rec. at 6-7.

In their objections, Defendants first argue that Judge Stewart erred in his finding that, given the early stages of the proceeding, Plaintiff "sufficiently alleged both the objective and subjective prongs of an Eighth Amendment claim." Rep. Rec. at 6. Defendants contend that his determination "was made in error as it is in direct

contradiction to the case law related to claims concerning prison transport vans." Dkt. No. 27 at 2.  However, as Judge Stewart explained, although the Second Circuit has stated that the failure to provide a seatbelt in a prison transport vehicle, standing alone, does not constitute an excessive risk to inmate safety, Rep. Rec at 4 (citing *Jabbar v. Fischer*, 683 F.3d 54, 58 (2d Cir. 2012)), courts have recognized that in certain circumstances, the lack of seatbelts combined with both reckless driving by the prison official and other additional facts, may establish sufficient factual allegations to withstand a motion to dismiss. *Id.* (citing *Cuffee v. City of New York*, 2017 WL 1232737 at \*7 (S.D.N.Y. March 3, 2017)). Judge Stewart further indicated that "where the facts, taken as a whole, suggest that plaintiff was exposed to conditions that posed an unreasonable risk of serious harm, and defendants were aware of those conditions, a claim may be sufficiently stated." *Id.* (citing *Cuffee*, 2017 WL 1232737 at \*7 ).  The Court agrees with Judge Stewart's analysis, and therefore Defendants' objection on this ground is overruled.

Defendants next argue that as to Defendant Lee, the officer who sat in the passenger seat of the van, Judge Stewart mistaken found that Plaintiff had plausibly alleged Lee's personal involvement by failing to intervene.  Defendants argue that "[s]uch finding is misplaced as this Court failed to recognize a failure to intervene claim against Defendant Lee in this action; instead, in the Court's initial review of the Complaint, the Court liberally construed Plaintiff's submission as stating an Eighth Amendment conditions of confinement claim against Defendant Correction Officers Lee and Smith." Dkt. No. 27, at 2 (citing Dkt. No. 9 at 11).  Defendants' objection in this regard is overruled.  As Judge Stewart correctly concluded, Plaintiff's claim against Defendant Smith presents a plausible

3

Eighth Amendment conditions-of-confinement claim.  *See* Rep. Rec. at 3-6.  Further,

Judge Stewart correctly concluded that the Complaint presents a plausible failure to

intervene claim against Defendant Lee.  *See id.* at 6.   The Court's conclusion on initial

review did not exclude a claim that Lee failed to properly intervene in Smith's violation of

Plaintiff's Eighth Amendment rights.  Further, as indicated by Judge Stewart, "given the

*pro se* status of the Plaintiff, it is appropriate for the Court to consider the factual

allegations in his opposition materials as a supplement to the allegations in his Complaint

in order to assess the overall viability of his claim." Rep. Rec. at 5, n. 1 (citing *Cuffee*, 2017

WL 1232737 at *4).  In reaching his conclusions about the plausibility of the failure to

intervene claims against Lee, Judge Stewart properly relied upon the allegations in the

Complaint and in Plaintiff's response to the motion to dismiss - allegations that were not

presented when the Court conducted its initial review of the Complaint. *See* Rep. Rec. at 7

("Based upon the statements in Plaintiff's Complaint and Response, Defendant Lee sat in

the passenger seat of the transport van directly beside Defendant Smith, and therefore

would have been, at least arguably, in a position to both observe and intervene in any

obvious violation of constitutional rights that occurred.").  The Court agrees with Judge

Stewart's analysis. Defendants' objection in this regard is overruled.

       To the extent Defendants object on the grounds that Defendant Lee could not have

been liable for failing to intervene because he was not, or could not have been, aware

when Smith would brake, *see* obj., at 3, Defendants fail to recognize that Plaintiff's

allegations indicate that Smith twice abruptly braked casing the unseat-belted passengers

to be thrown from their seats.  *See* Rep. Rec. at 6.  Under these circumstances, and given

that Plaintiff alleges that Lee placed handcuffs, shackles, and a chain belt restraint on

Plaintiff causing Plaintiff's inability to brace himself from impact while inside the vehicle

due to the restraints and the lack of seatbelts, Judge Stewart correctly concluded that

Plaintiff plausibly alleges a failure to intervene claim against Lee.  Defendants' objection

in this regard is overruled.

> Next, Defendants argue:
>
> The Court's reliance on the fact that Defendant Lee put the handcuffs,
> shackles, and chain belt restraint on Plaintiff is also misplaced. Following . . .
> the Court's logic, any correction officer participating in a transport of
> incarcerated individuals as a passenger is open to liability under the Eighth
> Amendment for the actions of the driver solely because that officer placed
> the individual in restraints. Such a holding is untenable as it would unduly
> expose correction officers to liability when they had no role in the incident at
> issue other than placing restraints, designed to keep everyone safe, on an
> incarcerated individual.

Dkt. No. 27 at 2-3.  Defendants ignore that Defendant Lee's alleged involvement stemmed

from his failure to intervene to stop Defendant Smith's erratic driving including twice

abruptly breaking causing passenger to be thrown from their seats, and that Defendant

Lee's knowledge that Defendant Smith's conduct could harm Plaintiff arose because Lee

had placed restraints on Plaintiff preventing him from bracing himself when thrown from

his seat.  Under these circumstances, a finding of liability in this case would not expose all

correction officers to liability merely because they placed restraints on inmate-passengers.

The allegations here are case-specific.  Defendants' objection in this regard is overruled.

Next, as to Defendant Smith, Defendants argue that "contrary to Judge Stewart's

assessment, Plaintiff does indeed merely allege negligent driving, which is not afforded

constitutional protection. Plaintiff's allegations are nearly directly in line with the factual

scenarios set forth in the case law cited in Defendants' underlying motion where the Court

disposed of Plaintiff's claims at the motion to dismiss stage." Dkt. No. 27 at 3.   For the

reasons discussed above, the Court agrees with Judge Stewart's analysis as to whether a

constitutional claim is plausibly asserted here.   Defendants' objection on this ground is

overruled.

## IV.    CONCLUSION

Accordingly, the Court **ACCEPTS** and **ADOPTS** Judge Stewart's January 7, 2022

Report-Recommendation and Order, Dkt. No. 26, for the reasons stated therein.

Therefore, it is hereby

**ORDERED** that Defendants' Motion to Dismiss, Dkt. No. 18, is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 24, 2022

Thomas J. McAvoy
Senior, U.S. District Judge