**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MICHAEL JOHNSON,

                Plaintiff,

                                                      9:21-CV-335
v.                                               (TJM/DJS)

LEE and SMITH,

                Defendants.

**APPEARANCES:**                                     **OF COUNSEL:**

MICHAEL JOHNSON
Plaintiff, *Pro Se*
South Fallsburg, New York 12779

HON. LETITIA JAMES                       LAUREN R. EVERSLEY, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Defendant
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

    *Pro se* Plaintiff Michael Johnson brings this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights while he was in the custody of the Department of Corrections and Community Supervision ("DOCCS"). *See* Dkt. No. 1, Compl. On initial review of the Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the District Court dismissed certain claims asserted in the Complaint, leaving only Plaintiff's Eighth Amendment claims against Defendants Lee and Smith.

Dkt. No. 9 at p. 11. Defendants have now filed a Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56(a), seeking to dismiss the Complaint in its entirety. Dkt. No. 35. Plaintiff filed no opposition to the Motion and the Court *sua sponte* extended Plaintiff's time in which to do so. Dkt. No. 38. Despite that extension, Plaintiff still has not responded to the Motion.

For the reasons that follow, the Court recommends Defendant's Motion for Summary Judgment be **GRANTED**.

## I. BACKGROUND

Plaintiff's Complaint alleges that his rights under the Eighth Amendment were violated by Defendants Smith and Lee during a prison transport. Compl. at pp. 5-6. Plaintiff alleges that Defendant Smith drove the prison transport van in which Plaintiff was riding in a reckless manner. *Id.* at pp. 5-7. He further alleges that Defendant Lee failed to intervene to stop Smith's conduct. *Id.* at p. 6.

In April 2018, Defendants Lee and Smith were both employed by DOCCS as corrections officers working at Downstate Correctional Facility. Dkt. No. 35-3, Lee Decl., ¶ 4; Dkt. No. 35-4, Smith Decl., ¶ 4. Each worked primarily as transportation officers, involved in transporting inmates between correctional facilities. *Id.* On April 30, 2018, Defendants were assigned to transport inmates moving between Downstate Correctional Facility and Greene Correctional Facility, with stops at multiple facilities between the two. Lee Decl. at ¶¶ 7 & 9; Smith Decl. at ¶¶ 7 & 9. Plaintiff was transported between Eastern Correctional Facility and Coxsackie Correctional Facility by Defendants. Smith Decl. at ¶ 9; Dkt. No. 35-5, Ex. A, Pl.'s Dep., p. 16.

The record reflects that the trip between Eastern and Coxsackie lasted approximately forty-five minutes. Lee Decl. at ¶ 13. The drive between the facilities is not on a highway and "consists mostly of single lane and two-lane roads." Smith Decl. at ¶ 12. Smith was the driver of the vehicle. *Id.* at ¶ 7. Plaintiff testified at his deposition that Smith twice aggressively braked the vehicle. Pl.'s Dep. at p. 37. Lee does not recall any incident of excessive or aggressive braking. Lee Decl. at ¶ 14. Smith contends that he operated the vehicle in a safe manner at all times. Smith Decl. at ¶¶ 13 & 15.

## II. SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory

allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III. DISCUSSION

### A. Deliberate Indifference

Plaintiff alleges that Defendant Smith's operation of the transport vehicle violated his Eighth Amendment rights. Compl. at pp. 5-7. In this context, Plaintiff can establish an Eighth Amendment violation by showing (1) a deprivation of rights that is, objectively, sufficiently serious, and (2) the Defendant was, subjectively, deliberately indifferent to the inmate's safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "The question under the Eighth Amendment is, thus, 'whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health.'" *Gamble v. Doe*, 2018 WL 6250626, at \*2 (E.D.N.Y. Nov. 29, 2018) (quoting *Farmer v. Brennan*, 511 U.S. at 843)). In the context of inmate transport claims, however, the Court is mindful of the distinct difference between claims of alleged negligence and claims of true deliberate indifference. *See Carrasquillo v. City of New York*, 324 F. Supp. 2d 428, 436-37 (S.D.N.Y. 2004).

"Deliberate indifference requires allegations of the defendants' subjective state of mind: that the prison official knew of and disregarded an excessive risk to inmate health or safety." *Dotson v. Fischer*, 613 F. App'x 35, 38 (2d Cir. 2015) (internal quotations and alterations omitted). Wholly conclusory allegations of deliberate indifference are insufficient to state a claim. *Vogelfang v. Capra*, 889 F. Supp. 2d 489, 505 (S.D.N.Y. 2012); *Thomas v. Douglas*, 2010 WL 3724183, at \*5 (N.D.N.Y. Aug. 12, 2010), *report and recommendation adopted*, 2010 WL 3724181 (N.D.N.Y. Sept. 16, 2010). Plaintiff, however, essentially concedes that his claim is conclusory because he testified at his

deposition that "I don't know how [Smith's] mind frame was that day." Pl.'s Dep. at p. 37. Plaintiff's allegation of deliberate indifference against Smith is based on his conclusory assertion that Smith engaged in erratic braking of the transport vehicle to punish the inmates for being too rowdy during the transport. *See* Pl.'s Dep. at p. 61. Plaintiff's only factual evidence to support that conclusory allegation appears to be his testimony that Smith braked, looked in the rear view mirror to see the effect on the inmates, and then braked again. *Id.* at pp. 37, 44, & 61. That alone, however, falls far short of establishing deliberate indifference.

Plaintiff concedes he could not see outside of the transport van because of where windows on the van were located. Pl.'s Dep. at p. 23. During the transport, Plaintiff experienced motion sickness and closed his eyes and rested his head on the seat in front of him in an effort to alleviate his symptoms. *Id.* at pp. 32-34 & 39. As a result, Plaintiff conceded during his deposition a lack of knowledge about what was going on outside the van. *Id.* at p. 37 ("I don't know exactly what happened."). He could not have known, therefore, whether the braking was in response to a road hazard or vehicle rather than his claim punishment motivation. This is evidenced by Plaintiff's own statements regarding his initial reaction to the braking which he testified he first thought was the result of the vehicle being involved in an accident. *Id.* Given Plaintiff's admitted lack of knowledge about what was happening outside he simply "cannot confirm whether any allegedly reckless conduct was occurring" up until the moment he alleges his rights were violated. *Chapman v. Beliveau*, 2022 WL 2079699, at *8 (N.D.N.Y. May 13, 2022), *report and recommendation adopted*, 2022 WL 2079083 (N.D.N.Y. June 9, 2022).

Despite this conceded lack of knowledge, Plaintiff alleges that Defendant Smith was driving recklessly and at an excessive speed. Pl.'s Dep. at pp. 40 & 45. Such allegations of poor driving, however, are more akin to claim of negligence rather than deliberate indifference and are not actionable under section 1983. *Cuffee v. City of New York*, 2017 WL 1232737, at *7 (S.D.N.Y. Mar. 3, 2017), *report and recommendation adopted*, 2017 WL 1134768 (S.D.N.Y. Mar. 27, 2017); *Carrasquillo v. City of New York*, 324 F. Supp. 2d at 436-37.

Accordingly, the Court recommends that Smith's Motion for Summary Judgment be granted.

### B. Failure to Intervene

Defendant Lee seeks summary judgment on the merits of Plaintiff's failure to intervene claim. Def.'s Mem. of Law at pp. 9-11. The Court recommends that his Motion also be granted.

Given that Plaintiff has failed to raise a triable issue of fact with respect to his claim against Defendant Smith, the failure to intervene claim should also be dismissed. Such a claim "is contingent upon the disposition of the primary claims underlying the failure to intervene claim." *Matthews v. City of New York*, 889 F. Supp. 2d 418, 443-44 (E.D.N.Y. 2012). Given the recommendation that Plaintiff's primary claim be dismissed "no predicate constitutional violation remains to support a failure-to-intervene claim." *Grinols v. Beers*, 532 F. Supp. 3d 95, 108-09 (W.D.N.Y. 2021).

Summary judgment would also be appropriate if considered on the merits. "Prison officials . . . must 'take reasonable measures to guarantee the safety of the inmates.'"

*Justice v. Hulihan*, 2013 WL 5506326, at *2 (N.D.N.Y. Oct. 4, 2013) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).  A failure to intervene claim requires that Plaintiff prove that "(1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene."  *Konovalchuk v. Cerminaro*, 2014 WL 272428, at *23 (N.D.N.Y. Jan. 24, 2014) (quoting *Jean-Laurent v. Wilkinson*, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008)).

Plaintiff alleges two instances of aggressive braking of the vehicle by Smith.  Pl.'s Dep. at p. 37.  He claims that Lee did nothing to stop Smith's conduct, but also concedes that Lee "probably couldn't stop the first one."  *Id.* at p. 62.  He further testified "I don't think [Lee] had known he would brake again."  *Id.* at p. 64.  Given that testimony, Plaintiff cannot show that Lee knew Plaintiff's rights were being violated.

Nor can Plaintiff show that, even if he did, Lee had a realistic opportunity to intervene.  Although denying the ability to say how quickly in time the second incident occurred after the first, *id.* at p. 43, Plaintiff's description of the incident appears to show that the two followed in fairly rapid succession.  The following exchange took place during Plaintiff's deposition:

> Q. So can you describe what happened on the trip that has specifically led to the allegations in your complaint?
>
> A. Well, I don't know exactly what happened because I don't know how his mind frame was that day. I just know that when I felt sick, I put my head down as normal, tried to go to sleep. Next thing I knew, I was waking up to like a sharp like -- like little stop, you know, what I'm saying? I'm on the floor. Now my thing is I'm thinking he just hit something because that's the first thing I was coming in my mind. So as I'm looking, as everybody looking,

> once I get up like who did he hit or what did he hit? He looks in the rear-view mirror and then he happened to just do it again. Whatever he did, he just did it again. Speed up and stopped again.

Pl.'s Dep. at p. 37. This description of the incident strongly suggests a short time period of time elapsed between the two incidents. That makes it highly unlikely that Lee had time to act to intervene in any way. Plaintiff, in fact, concedes that Lee would not have known Smith intended to brake the vehicle again. *Id.* at p. 64. Plaintiff, therefore, has failed to show that Lee had a reasonable opportunity to intervene. *Jackson v. City of White Plains*, 2015 WL 4739762, at *8 (S.D.N.Y. Aug. 7, 2015) ("Because of the brief nature of the encounter, there was no realistic opportunity for [Defendant] to intervene"); *Zadrowski v. Town of Plainville*, 2013 WL 5435491, at *5 (D. Conn. Sept. 30, 2013) (no reasonable opportunity to intervene in events occurring over short duration). Nor is it clear what intervention Plaintiff claims Lee was obligated to take. According to Plaintiff, Lee did ask Smith what he was doing. Pl.'s Dep. at p. 43. Lee could not physically intervene since Plaintiff and Defendants agree that Lee and Smith were physically separated inside the van. Lee Decl. at ¶ 8; Pl.'s Dep. at p. 27. As a result, "there is no evidence in the record that would suggest [Defendant] had a realistic opportunity to intervene that he then disregarded." *Lennox v. Miller*, 968 F.3d 150, 158 (2d Cir. 2020).

On this record, Plaintiff has failed to raise a triable issue of fact sufficient to defeat summary judgment.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Defendants' Motion for Summary Judgment (Dkt. No. 35) be **GRANTED**; and it is further

**RECOMMENDED**, that the Complaint (Dkt. No. 1) be **DISMISSED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[1] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: April 20, 2023
Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[1] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).